# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Gregory Clark, Jr., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| Healthcare Receivables Group, Inc., a Tennessee corporation, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Gregory Clark, Jr., brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Gregory Clark, Jr. ("Clark"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt, which he allegedly owed for medical services.

4. Defendant, Healthcare Receivables Group, Inc. ("HRG"), is a Tennessee corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted

consumer debts.  Defendant HRG operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Alabama.  In fact, Defendant HRG was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Although Defendant Healthcare is not licensed to do business in Alabama, it conducts business here.

## FACTUAL ALLEGATIONS

6. On November 19, 2018, Mr. Clark and his wife filed a Chapter 7 bankruptcy petition in a matter styled In re: Clark, N.D. Ala. Bankr. No. 18-83464-CRJ7. Among the debts listed on Mr. Clark's Schedule E/F were debts that he allegedly owed for medical services to Russellville Hospital, see, excerpt of Schedule E/F, attached as Exhibit A.

7. Accordingly, Russellville Hospital was sent, via electronic transmission on November 21, 2018, and via U.S. Mail and November 22, 2018, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit B.

8. Plaintiff's bankruptcy is a matter of public record, is on his credit reports, is in the files of the creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

9. Nonetheless, Defendant sent Mr. Clark a collection letter, dated December 17, 2018, demanding payment of the medical debt he allegedly owed prior to the bankruptcy.  A copy of this collection letter is attached as Exhibit C.

10. Defendant's violations of the FDCPA were material because Defendant's continued collection communications after he had filed for bankruptcy made Plaintiff believe that his exercise of his rights through filing bankruptcy may have been futile and that he did not have the right to a fresh start that Congress had granted him under the Bankruptcy Code, as well as his rights under the FDCPA.

11. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Not Owed**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

15. Demanding payment of a debt that is no longer owed due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

16. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

19. Here, the bankruptcy and the notice issued by that court (Exhibits A and B), provided notice to cease communications and cease collections.  By communicating regarding this debt and demanding payment (Exhibit C), despite the debt being subject to a bankruptcy, Defendant violated § 1692c(c) of the FDCPA.

20. Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Gregory Clark, Jr., prays that this Court:

1. Find that Defendant's form collection letter violates the FDCPA;

2. Enter judgment in favor of Plaintiff Clark, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Gregory Clark, Jr., demands trial by jury.

        Gregory Clark, Jr.,

        By: /s/ David J. Philipps_____
        One of Plaintiff's Attorneys

        By: /s/ Ronald C. Sykstus_____
        One of Plaintiff's Attorneys

Dated: April 22, 2019

David J. Philipps    (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps    (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner
    & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com